IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY JO CONNAWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-00264-SMY |
| ) | |
| JEFFERSON COUNTY, ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DISPUTED)**

**I. INTRODUCTION**

Plaintiff Mary Jo Connaway brings this action against Defendant Jefferson County, Illinois alleging sex discrimination in violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq* and the Illinois Human Rights Act, 775 ILCS5 *et seq.*, and alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*, and the Illinois Human Rights Act, 775 ILCS5 *et seq*.

Defendant has failed to produce relevant and discoverable documents in response to Plaintiff Second Request for Production of Documents, particularly in response to Request No. 63. Plaintiff's counsel has attempted to resolve this dispute with Defendant's counsel, but have been unable to reach a resolution. Therefore, pursuant to Rule 37, Fed. R. Civ. P., Plaintiff moves the Court for an order compelling Defendant to provide the relevant responsive documents identified below.

**II. FACTUAL BACKGROUND**

Plaintiff, a female, worked for Defendant from approximately 2007 through December 6, 2021. From October 2008 though the end of her employment on December 6, 2021, Plaintiff

served as a Corrections Officer in Defendant Jefferson County Jail. Throughout her employment with Defendant, Plaintiff suffered from migraine headaches.

On December 1, 2018, Sheriff Jeffrey Bullard, Sr. ("Sheriff Bullard") began his elected term as Sheriff of Jefferson County, Illinois. Throughout his tenure, Sheriff Bullard mistreated Plaintiff based on her sex and disability and took adverse actions against Plaintiff in retaliation for her engaging in protected activity. On January 30, 2019, after only two months into his term as Sheriff, Sheriff Bullard indefinitely placed Plaintiff exclusively in the control room of the jail. Sheriff Bullard justified his actions based on conduct Plaintiff allegedly engaged in late 2015 and early 2016 involving federal inmates, and so Plaintiff would have no contact with inmates. The control room is the nerve center of the jail and contains bright computer screens, little outside light, and constant noise. On several occasions, Plaintiff complained that having to work in the control room exacerbated her migraines. In addition to Plaintiff asking for relief from the control room where she was regularly required to work 12-hour shifts, she asked for other reasonable accommodations which were not provided to her.

Sheriff Bullard also disciplined Plaintiff on occasions for allegedly engaging in misconduct. Plaintiff contends her sex and disability were motivating factors in many of these disciplinary actions against her, and in Defendant's overall conduct towards her. On one such occasion in October of 2019, Plaintiff found a hidden camera under a desk in the control room pointed towards her lap. Unbeknownst to Plaintiff, the camera had been placed under the desk in attempt to catch her with a cell phone. Plaintiff reported this conduct to Defendant and the Illinois Department on Human Rights ("IDHR").

On May 8, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the IDHR. On March 5, 2021, Plaintiff filed this pending action.

On December 6, 2021, Defendant terminated Plaintiff for conduct she allegedly engaged in on November 8, 2021. Plaintiff has filed a motion for leave to file a first amend complaint based on her termination which remains pending with the Court.

### III. LEGAL STANDARD

As part of discovery, a party may request Electronically Stored Information, such as text messages, pursuant to Rule 34, Fed. R. Civ. P. Further, Fed. R. Civ. P 26(b)(1) states that a party

> may obtain discovery regarding any nonprivileged matter that is relevant to any parties' claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). If a party fails to provide documents, the party seeking discovery may move the Court for an order compelling the production of such documents. Fed. R. Civ. P. 37(a)(3)(B)(iv).

### IV. ARGUMENT

On April 6, 2022, Plaintiff sent Defendant her Second Request for Production of Documents. On May 6, 2022, Defendant sent Plaintiff its responses and objections to her Second Requests for Production. In particular, Defendant objected to Document Request No. 63 and provided no responsive documents. *See* Ex. 1. On May 20, 2022, Plaintiff sent Defendant a letter regarding the discovery deficiencies in Defendant's response to Request No. 63 and agreed to limit the scope of Request No. 63 to address Defendant's objections. *See* Ex. 2. This letter constitutes Plaintiff good faith effort to resolve the dispute. To date, Defendant has not

responded to Plaintiff's letter or produced any documents responsive to Plaintiff's request. Defendant's objections and refusal to produce the requested documents are without merit.

In Request No. 63, Plaintiff seeks text messages Sheriff Bullard sent to or received from Lt. Mansker, Lt. Burrell, Lt. Edwards, Lt. Haines, Lt. May, Former Captain Scott, or Chief Deputy Uhls that discuss, mention, or reference Plaintiff from December 1, 2018 through December 31, 2021.[1]

Text messages Sheriff Bullard sent or received about Plaintiff are directly relevant to Plaintiff claims of discrimination and retaliation. Fed. R. Civ. P. 26 (b)(1). The messages are directly relevant to and may provide admissible evidence that Sheriff Bullard and/or members of his command staff displayed an animus towards Plaintiff because of her sex, disability, or protected activity and what his/her opinions about Plaintiff are. The text messages are also relevant to helping Plaintiff identify how Defendant's felt about Plaintiff's work performance, conduct, or attitude. These factors can be critical in an employment discrimination case. The text messages may also shed light on Defendant's attitude about Plaintiff's disability and its reluctance and/or refusal to provide certain requested accommodations to Plaintiff. Finally, the text messages are relevant to Defendant's efforts to and discipline of Plaintiff and its ultimate termination of Plaintiff. Because Plaintiff is not a party to any of these messages, Defendant has complete access and control over these messages. Obtaining the messages through discovery is the only way for Plaintiff to gain access to them.

Defendant objected to producing the messages on the basis of attorney-client privilege and/or work product doctrine. However, Defendant has provided no basis for asserting privilege nor has it provided a privilege log as required by Federal Rule of Civil Procedure 26(b)(5)(A).

---

[1] The individuals listed comprise the current and/or former majority of the command staff at the jail under the Bullard administration.

4

Even after Plaintiff narrowly tailored her request in her May 20, 2022 letter, Defendant has failed to, "describe the nature of the documents, communications, or tangible things" over which they claim privilegd. Fed. R. Civ. P 26(b)(5)(A). Defendant has not provided any information that enables Plaintiff or the Court to assess its claim of privilege. Defendant's objection is without merit and should be overruled.

Defendant has waived any undue burden or cost objection to producing the text messages set out in Fed. R. Civ. P. 26(b)(2) since the objection was not raised in its initial response to Plaintiff's Second Request for Production. Even after Plaintiff sent its May 20, 2022 letter narrowing the scope of Request No. 63, Defendant failed to and did not object based on undue burden or cost because it failed to respond to Plaintiff's May 20, 2022 letter altogether. Even if the Court finds Defendant did not waive this objection, Plaintiff Request No. 63 does not create undue burden or high cost to Defendant because the request consists of retrieving text messages only from the Sheriff (the decisionmaker in the case) to and from seven people about a defined set of activities about Plaintiff. It should be easy for Defendant to retrieve these text messages and determine which messages relate to Plaintiff.

## V. CONCLUSION

For the foregoing reasons, Plaintiff moves this Court enter an order overruling Defendant's objection and ordering Defendant to provide all responsive documents to Plaintiff's Second Requests for Production, Request No. 63 within seven (7) days, and for such other relief as this Court deems just and proper.

Respectfully submitted,

DOBSON, BERNS & RICH, LLP

By: /s/ Jerome J. Dobson
    Jerome J. Dobson, #32099MO
    jdobson@dbrstl.com
    Gregory A. Rich, #45825MO
    grich@dbrstl.com
    Adam D. Rosenberg, #72375MO
    arosenberg@dbrstl.com
    5017 Washington Place, Suite 300
    St. Louis, MO 63108
    (314) 621-8363
    (314) 621-8366 (fax)

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 1, 2022, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.

Anthony B. Byergo, Esq. (tony.byergo@ogletree.com)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA 98101
206-693-7060

Attorney for Defendant

    /s/ Jerome J. Dobson