IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY JO CONNAWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-264-SMY |
| | ) |
| JEFFERSON COUNTY, ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mary Jo Connaway filed the instant lawsuit against Defendant Jefferson County, Illinois (the "County"), alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act (Counts I and II) and disability discrimination and retaliation in violation of the Americans with Disabilities Act and the Illinois Human Rights Act (Counts III and IV). Now pending before the Court is Connaway's Motion for Leave to File a First Amended Complaint (Doc. 33), which the County opposes (Doc. 34).

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend pleadings] when justice so requires." Fed.R.Civ.P. 15(a)(2). But when the deadline for amending the pleading in question has elapsed, the court should first consider whether "good cause" for the amendment exists under Rule 16(b)(4) before considering whether justice requires leave to amend under Rule 15. *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). In determining whether good cause exists, "the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto*, 651 F.3d at 720 (7th Cir. 2011) (citations omitted). And, in determining whether justice requires leave, district courts should consider if undue delay, bad faith, or dilatory motive existed, if the

plaintiff repeatedly failed to cure deficiencies in the complaint, if the opposing party would suffer undue prejudice, and whether the amendment would be futile. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 855 (7th Cir. 2017) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

The County argues that Connaway's proposed amendment is untimely and that it will be prejudiced if leave is granted. Connaway has articulated good cause to file an amended complaint – to add allegations related to her December 6, 2021, termination (pursuant to the Scheduling Order, the deadline to amend pleadings was November 30, 2021 – prior to Connaway's termination), and the four-month delay in seeking leave does not constitute undue delay under the circumstances. *See Soltys v. Costello,* 520 F.3d 737, 743 (7th Cir. 2008) (affirming a denial of a motion to amend filed 14 months after the complaint and two weeks before trial). Moreover, amending the Complaint at this juncture to add allegations related to Connaway's termination would not unfairly prejudice the County. Connaway informed the County of the intended amendment prior to her deposition and the parties have engaged in discovery related to her termination.

Accordingly, Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. 33) is **GRANTED**.

**IT IS SO ORDERED.**
**DATE: June 28, 2022**

**STACI M. YANDLE**
**United States District Judge**